THE CITY OF CHAMPAIGN

*v.*

ELIAS C. PATTERSON.

1. ADMITTING IMPROPER EVIDENCE—*obviated by instructions.* Although improper evidence may be admitted upon the trial, yet, if its effect is so far restrained by the instructions to the jury, that it could not affect the verdict, the judgment will not be reversed because of its admission.

2. EVIDENCE—*admissibility.* In an action against a city, for damages, resulting from a defective sidewalk and street crossing, it is competent for the plaintiff to give in evidence an ordinance of the city, which shows that the city had taken under its cognizance and control these structures, as thereby the duty would devolve upon the city to keep them in repair.

3. MUNICIPAL CORPORATIONS—*keeping sidewalks and street crossings in repair.* Where it appears from a city ordinance, prescribing the duties of the street supervisor of the city, in regard to keeping sidewalks and street crossings in

repair, that they had taken such structures under their cognizance and control—the neglect on the part of such official to exercise such power, so given him by the ordinance, will make the city liable for any damage resulting from such omission of duty.

4. A person has a right to use the usual street crossings in a city, though it be a covering for a drain, if the inhabitants of the city and others used it for a crossing; and if he receives injuries by reason of its unsafe condition, which the street supervisor was authorized by city ordinance to obviate, but did not, the city must respond in damages.

5. In an action against a city to recover damages for injuries alleged to have resulted from a defective sidewalk or street crossing, in the city, *it was held*, to be incompetent for the defendant to give evidence of the manner in which other cities and towns of similar size and character, in the immediate section of country, constructed their walks and crossings, for their neglect would neither be excuse nor justification for the particular neglect out of which the alleged cause of action arose.

Writ of Error to the Circuit Court of Champaign county; the Hon. A. J. Gallagher, Judge, presiding.

The opinion states the case.

Mr. J. S. Lothrop, for the plaintiff in error.

Messrs. Coler & Smith, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action on the case, brought to the Champaign Circuit Court by Elias C. Patterson, against the city of Champaign, to recover damages for an injury alleged to have been received by the plaintiff by reason of a defective sidewalk.

The jury found for the plaintiff, and assessed his damages at twenty-two hundred and fifty dollars. A motion for a new trial was made by the defendant which was overruled, and judgment entered on the verdict.

To reverse this judgment the defendant brings the record here by writ of error, assigning thereon various errors.

The declaration alleges a duty imposed upon the city authorities, by law, to keep the sidewalk in a safe condition for pedestrians, and to attach and connect the sidewalk with the street crossing, at a safe and secure place, and in a safe and secure manner. The averment is that the defendant did not regard this duty, but, on the contrary, constructed the sidewalk in a dangerous place, and in an insecure and unsafe manner, and permitted the sidewalk and street crossing to become full of holes and "irregularities," and uneven in width and hight, and at a great and dangerous elevation from the ground, and permitted it to be otherwise in a dangerous and unsafe condition, of all which the city authorities had notice.

Much testimony was heard upon the trial, and in some degree conflicting. Not having been favored with a diagram of the precise locality of the accident, determining from the evidence alone, unaided by a diagram, we are of opinion with the jury, the sidewalk in question would be dangerous to a pedestrian in the night, and it was in the night the plaintiff was passing over it.

Some objections were made by the defendant below on the trial, and saved by exceptions, which we will notice.

It was objected that the court should not permit evidence of the manner in which other street crossings distant from the place in controversy, in the same city, were constructed and kept in repair.

The principal controversy was, whether this particular crossing was or not, a public crossing. It appears the crossing, so called, was, in fact, the plank covering of a drain which did not connect, by a direct line, with the sidewalk. The evidence was introduced to show that other public crossings were of the same character, the coverings of drains or sewers. This was the sole object of the testimony, and its effect was restrained by the court by this instruction given on behalf of the plaintiff:

"The court instructs the jury that, in order to constitute the walk across the street, at the place where it is alleged the injury occurred, a public street crossing, it is not necessary that there should be a record of it, nor is it necessary that it should have been publicly declared a street crossing by the defendant, or by the officers of the city of Champaign. But, if the jury shall find from the evidence that the crossing in controversy is,·or was constructed in the same manner as other public street crossings, and at the crossing of a street in the same way as other public street crossings in the immediate vicinity of the one in controversy, and that the crossing was attached to the sidewalk, and with approaches from the sidewalk, if built by the city or its officers, and that such crossing was so connected with the sidewalk as to induce the public, and especially the plaintiff, to believe, in the exercise of ordinary judgment, that it was a public crossing, then all these things, if shown by the evidence, may be taken into consideration by the jury in determining whether it was a public street crossing or not."

The attention of the jury, in several of the instructions given, was strictly confined to the condition of this sidewalk, and how the testimony in regard to the construction and condition of others could have misled them, we do not perceive. The admission of the evidence, under the instructions given, could not have changed the verdict.

Another objection was made against the admission in evidence of section 30, of the ordinance in relation to the city officers of the city of Champaign, passed June 16, 1860. This section prescribes the duties of the city supervisor as to streets and alleys, and authorizes him to make all necessary repairs thereof. It provides, however, that no improvement or repairs, except such repairs as may be actually necessary, shall be made without the order of the city council; and it requires him, without delay, to cause all breaks in any planked street or alley, bridge, culvert, apron, or street crossing, or other

insecure and unsafe place, to be repaired, and report the cost thereof to the city council for allowance, but when the probable cost of any such repairs should exceed twenty-five dollars, then it should be made with the concurrence of the mayor, or of the committee on streets and alleys. He is also required, as early as practicable in the spring of each year, under the direction of the mayor or committee on streets and alleys, to cause the streets and alleys, when needed, to be cleansed, etc., and is required from time to time to examine into the condition of the streets and alleys, and bridges, culverts, cross walks and sidewalks, and report the same to the city council, and recommend such improvements or repairs as he may deem necessary.

The objection to the introduction of this portion of the ordinance was, that it proved nothing, and tended to mislead the jury. We cannot see it in that light. It was proper evidence to show that the city had taken under their cognizance and control these structures, and if the defects complained of could be remedied by the outlay of twenty-five dollars, which was a matter of proof, then the failure to expend this money in making the repairs would constitute neglect by this officer of the city.

The defendant, on the trial, offered to the jury evidence of the manner in which other cities and towns of similar size, character and circumstances of the defendant city, and in the same section of country, constructed their sidewalks and street crossings, which the court refused to admit, and this is assigned as error. This evidence was properly refused, on the principle that the condition of like structures in other towns and cities is no criterion for the defendant. If other towns and cities choose to suffer such public necessities to be in an unsafe and dangerous condition, their negligence is no excuse or justification for the defendant. The city authorities of Champaign are to do their whole duty in the premises as prescribed by law, with no reference to what may be done or left undone by the authorities of other cities. Besides, the

5—50th Ill.

introduction of such evidence would have raised a side issue foreign to the case on trial. The only question before the jury was negligence in the defendant, as to this particular sidewalk and cross walk, and the evidence was properly confined to that. The case referred to by plaintiff in error, in 6 Cushing, 524, *Raymond* v. *Lowell*, where similar evidence was received, does not seem to us to be founded on correct principles, and we cannot follow it. The case in 33 Maine, 460, *Church* v. *Cherryfield*, is reported so meagerly and so barren of facts that it is not easily appreciated. It seems to be a mere head-note to a case which, for some reason, has been omitted by the reporter. But the note, as given, does not sustain the plaintiff in error in his position that the evidence should have been admitted. We are very clear that it was, for the reasons we have given, properly rejected.

The plaintiff in error complains that the verdict is against the evidence.

On this point we are remitted to the numerous decisions of this court, in which it has been held, where the evidence is conflicting, we will not interfere to disturb the finding of the jury. Unless it greatly preponderates against the finding, the verdict must stand. Such is not the character of this evidence. It is as favorable to the plaintiff's claim as it is to the defense. There is evidence sufficient to justify the finding, though on the whole evidence the jury might, perhaps, have found the other way. As the verdict is not excessive, considering the injury received, we do not see what benefit could result by setting it aside. We see no reason in law why it should be set aside. The defendant in error had a right to use this sidewalk, and the usual crossing, though it was the covering of a drain, if the inhabitants of the city and others used it for a crossing. It was a dangerous place in the night. It could have been put in a safe condition by the expenditure of a small sum of money, which was at the control of the supervisor. He knew of it, and failed to remedy the defect, and for his neglect the city must respond.

It is also objected, that some of the instructions given for the plaintiff below were erroneous, and some refused as asked by the defendant.

There were eleven instructions asked by the plaintiff, and twenty-nine by the defendant. We have examined them all, and though some of both sides may be open to technical objections, we think the court disposed of them properly, and that they laid down the law correctly to the jury.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*